IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **PoolRe Insurance Corp.,** § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | | |
| § | Case No. 4:13-CV-____ | |
| **Organizational Strategies, Inc.,** § | | |
| **Nicolette Hendricks, William** § | | |
| **Hendricks,** § | | |
| **Defendants** § | | |
| § | | |

## MOTION FOR CONFIRMATION OF ARBITRATION AWARD

TO THE HONORABLE COURT:

    PoolRe Insurance Corp. ("PoolRe") on its own behalf and on behalf of The Feldman Law Firm LLP, Capstone Associated Services, Ltd., Capstone Associated Services (Nevada), LP n/k/a Capstone Associated Services (Wyoming), LP, and Capstone Insurance Management, Ltd. applies to this Court for an order confirming a forthcoming arbitration award concerning **Organizational Strategies, Inc., Nicolette Hendricks, William Hendricks** (and those in privity with any of the aforementioned Defendants as set out in the parties' arbitration pleadings[1]), under both the Federal Arbitration Act and the Texas Arbitration Act and in support of this application would show:

---

[1]Those in privity with the Defendants include Optimal Casualty Corp., Integration Casualty Corp., Systems Casualty Corp., OSI Property Holdings, LLC; Widewater Property Holdings LLC; Aquia Property Holdings, LLC; Hwang (Hendricks) Condominium, LLC; Hendricks Lodge LLC; Judith River Aviation LLC; Judith River Ranch LLC; Melwood Holdings 1 LLC; Melwood Holdings 2 LLC; Shore Drive LLC; Hendricks Farm LLC; Cedar Stone Arena, LLC; and Cedar Stone Lodge, LLC.

**I. PARTIES**

1. Plaintiff PoolRe Insurance Corp. is an insurance company domiciled in Anguilla, the British West Indies.

2. Defendant Organizational Strategies, Inc. ("OSI") is a is a foreign corporation organized and existing under the laws of the state of Virginia. OSI does not maintain a regular place of business in the state of Texas and has not designated an agent for service of process in Texas. Defendant OSI has sufficient contacts with Texas under the Texas Long-Arm Statute so as to be able to be served with process by serving the Texas Secretary of State. Accordingly, OSI may be served with process by serving the Secretary of State of Texas, 1019 Brazos Street, Austin, Texas 78701. Additionally, Defendant OSI is a party to an arbitration proceeding in Harris County, TX. Alternatively, an officer of OSI may be personally served, at OSI's place of business or wherever such officer may be found.

3. Defendant Nicolette Hendricks is an individual residing in Arlington, Virginia. Defendant has sufficient contacts with Texas under the Texas Long-Arm Statute so as to be able to be served with process by serving the Texas Secretary of State. Defendant can be served at her business address at 2231 Crystal Drive, Suite 1116, Arlington, VA 22202 or wherever she may be found. Additionally, Defendant Nicolette Hendricks is a party to an arbitration proceeding in Harris County, TX.

4. Defendant William Hendricks is an individual residing in Arlington, Virginia. Defendant has sufficient contacts with Texas under the Texas Long-Arm Statute so as to be able to be served with process by serving the Texas Secretary of State.

Defendant can be served at his business address at 2231 Crystal Drive, Suite 1116, Arlington, VA 22202 or wherever he may be found.

5. As set forth above, Plaintiff is also seeking confirmation against all others previously found to be in privity with the aforementioned Defendants. See footnote 1.

## II. Jurisdiction and Venue

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different States.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because this is the judicial district in which the events or omissions giving rise to the claims occurred, or substantial part of property that is the subject of the action is situated. The arbitration occurred in Houston, TX and the arbitrator has been asked to provide that the confirmation of the award should be in the U.S. District Court in the territory where the arbitration occurs, such being the U.S. District Court for the Southern District of Texas, Houston Division.

8. The proceeding involves an application to confirm an arbitration award issued pursuant to the Federal Arbitration Act. 9 U.S.C. § 1 et seq.

## III. Arbitration Jurisdiction

9. Capstone and OSI entered into multiple, written arbitration agreements. In such agreements, the parties agreed to arbitrate as follows:

> ***With respect to any and all other disputes or claims whatsoever between us related to or arising out of our services (but in <u>no event</u> for attorneys' fees and/or costs), such shall be submitted to a recognized, neutral, arbitral association or arbitrator for resolution pursuant to its single arbitrator, expedited rules.*** . . .  If the first arbitration organization or arbitrator which receives a written demand for arbitration of the dispute from either of us does not complete the arbitration to finality ***within four months of the written demand,*** either party then may file a written demand for arbitration of the dispute with another recognized, neutral, arbitration association or arbitrator, with the prior arbitration association or arbitrator then being immediately divested of jurisdiction, subject to a decision being rendered by the replacement arbitration association or arbitrator within four months of the written demand being filed with the replacement arbitration group. ***All arbitration -- regardless of the arbitral organization actually hearing the dispute -- shall be conducted pursuant to the Commercial Arbitration Rules of the AAA whose Expedited Procedures shall apply regardless of the size of the dispute with only a single arbitrator hearing the dispute, again all regardless of the organization sponsoring the arbitration in question.  In all cases, the parties shall be deemed to have adopted the Optional Rules of the AAA For Emergency Measures of Protection (regarding injunctive or equitable relief, which requests for relief shall be exclusively be submitted to the arbitrator). In all events, the parties waive the right to trial by jury in any action or proceeding.  This arbitration provision shall be effective notwithstanding any actions that may later take place. <u>The parties agree that the issue of arbitrability shall likewise be decided by the arbitrator, and not by any other person.  That is, the question of whether a dispute itself is arbitrable shall be decided solely by the arbitrator and not, for example, by any court.  In so doing, the intent is to divest the courts of all powers in disputes involving the parties, except for the confirmation of the award and enforcement thereof.  The courts shall have no jurisdiction over legal or equitable (including injunctive) matters.  The arbitration decision shall be final and binding in all respects and shall be non-appealable.</u>***  Emphasis added.

### IV. Nature of Dispute

10.     Plaintiff along with other parties had a dispute which was controlled by multiple arbitration agreements which is expected to result in the issuance of an award.

## V. Arbitration Award

11.     Arbitration proceedings are being held in accordance with the arbitration agreement and an award is expected to be entered.  A copy of the award along with a motion to confirm said award will be provided immediately upon completion.

WHEREFORE, PoolRe Insurance Corp. requests that it have judgment as follows:

a. The Court enter judgment confirming the arbitration award as made by the arbitrator.

b. Such other and further relief to which plaintiff may be justly entitled.

Respectfully submitted,

 /s/ Joseph F. Greenberg
Joseph F. Greenberg
State Bar No. 24059856
Two Post Oak Central
1980 Post Oak Blvd., Suite 1900
Houston, TX 77056-3877
(713) 850-0700 ▪ (713) 850-8530 (fax)

ATTORNEY FOR PLAINTIFF